Statement of the Case.
NICHOLLS, J.
The plaintiff alleged that she is an heir of Mrs. Nanny Blum born Robert, and that through representation of her said deceased mother she has an interest in the following real estate, situated in the parish of Rapides, La., to wit (which she described).
That the above-described property was owned by her maternal great-grandfather Joseph Robert, who died in said parish and state about the year 1835, and that her said great-grandfather had never been legally devested of his title thereto. That on December 18, 1878, one Samuel Haas, a resident of the parish of Avoyelles, La., applied for- and obtained letters of administration on the property of her said maternal great-grandfather, being succession 327 of the probated docket of your honorable court, and with the fraudulent intent and with the purpose of depriving the heirs of the said succession of the said property, and in order to enrich himself at the expense of the said heirs, he, by alleging that there were debts due by said succession, obtained an order from your honorable court authorizing him to sell the above-described property for cash to pay debts. That there were no debts due or owing by said succession. That on the 13th day of February, 1886, the property was offered at public auction and sold to R. L. Walker, whose Christian name was unknown to your petitioner, a resident of the parish of St. Landry, La., and was soon thereafter sold and transferred by the said R. L. Walker to John A. Haas, a resident of the parish of Avoyelles, La., and a son of Samuel Haas, the administrator of the said succession, and that the said John A. Haas still pretends to be the owner of the said property. That the sale of the said property was and is an absolute nullity ab initio and should be so decreed, and that it did not transfer any title to the said R. L. Walker or John A. Haas for the following reasons, to wit:
(1) Because the said R. L. Walker was not purchasing for himself, but was acting as an interposed person for the administrator, Samuel Haas, and that it was previous to the sale understood and agreed between the said R.- L. Walker and Samuel Haas, administrator, that the purchase would be made in the name of R. L. Walker for the benefit of the said Samuel Haas, administrator, this for the purpose of evading the provisions of the law forbidding the administrator from becoming the purchaser of the property administered by him.
(2) Because the said R. L. Walker did not pay the price of adjudication, and that he transferred the property to John A. Haas at the request of and for the benefit of Samuel Haas, the administrator, and that there was no price paid by the said John A. Haas *21 to the said R. L. Walker, and that the said transfer was made in pursuance of the previous' agreement entered into between the said R. L. Walker and Samuel Haas, the administrator.
(3) Because the said pretended purchase, being acts done in contravention of prohibitory laws and with the fraudulent and avowed intention to defraud the heirs of said succession, could convey no title to the said R. L. Walker and could not devest the title of said lands from the succession of Joseph Robert. That she has just discovered that this sale was made as above alleged. That under the circumstances the said Samuel Haas and John A. Haas were possessors in bad faith, and as such were responsible to the succession of Joseph Robert, for the fruits and revenues of the above-described property from February 13, 18S6, to the date that it will be returned to the succession.
That at the time of said fraudulent sale the land was a fine cypress brake, and that since the said pretended and fraudulent sale the said Samuel Haas and John A. Haas have had the cypress timber cut off the said land, and that at the filing of this suit petitioner had ascertained that the said cypress timber taken off the said land amounted to 10,000,000 feet of timber, and that the said timber was worth $5 or more per 1,000 feet stumpage, making a total of $50,000 worth of timber removed from the said lands by the said John A. Haas and Samuel Haas, since becoming illegally possessed of said land, and for which they were responsible in solido to the succession of the said Joseph Robert, and for which judgment should be rendered against them.
That there may have been timber taken off the said property which at the time of the filing of this suit she had no knowledge of, and that the right should be reserved to the legal representatives of the said succession of Joseph Robert to claim any further damage caused the said succession by the said Samuel Haas and John A. Haas by reason of the said illegal and fraudulent sale of the property belonging to the succession of Joseph Robert. That the said Samuel Haas had received rents for the lease of the said above-described property amounting to at least $600 or more, for which judgment should be rendered against him.
In view of the premises, petitioner prayed that the said R. L. Walker, Samuel Haas, and John A. Haas be duly cited, that there be judgment in favor of petitioner and against the said R. L. Walker, Samuel Haas, and John A. Haas, defendants herein, decreeing the sale of the said property which was made on the 13th day of February, 1886, to be null and void and of no effect, and decreeing the title of the said property to be still vested in the succession of Joseph Robert, and that the judgment decree that the said property be returned to the succession of Joseph Robert to be administered according to law, and that the judgment also condemn the said Samuel Haas and John A. Haas in solido to pay to the said succession of Joseph Robert the sum of $50,600, with legal interest from February 13, 1886, to date of payment, being the value of the timber removed by them from the said above-described lands since they became illegally possessed of same and rents received by them from leases of the said land, and reserving to the said succession of Joseph Robert the right to sue for and recover from the said Samuel Haas and John A. Haas any further damage suffered by the succession of Joseph Robert caused by their illegal and unlawful acts, for all costs.
Defendant pleaded an exception to the jurisdiction, exception of no cause of action, of prescription, of misnomer.
Upon plaintiff’s petition therefor, interrogatories in facts were propounded to R. L. Walker of the parish of St. Landry.
The fourth question propounded to him *23 was whether or not he was the same R. L. Walker to whom the property belonging to the succession of Joseph Robert was adjudicated at the sale made on the 13th of July, 1886. (5) As to whether he had paid the price of adjudication. (6 and 7) Whether he was purchasing the property for himself or for some one else, and who that person was. (8) As to whether, when he transferred the property to Dr. John A. Haas, the latter paid him the consideration named in the deed. (9) As to why, if he did not receive the price named in the deed, he transferred the property to Dr. John A. Haas, without consideration.
Walker’s answer to the fourth interrogatory was that he was the same R. L. Walker to whom the property had been adjudicated; to the fifth, that he had not paid the price of adjudication; to the sixth, that he was buying so that Mrs. Pearce and Mr. Sam. Haas could have a settlement; to the seventh, that he did not buy for himself (but) as he understood to effect a settlement between the above-named parties and then turn it over to Dr. Haas; to the eighth, he answered that he had done so because he was requested by Mr. Haas.
Defendant filed a number of exceptions — • an exception to the jurisdiction for the demand for fruits and revenues, an exception of no cause of action and no right of action, exceptions of prescription, an exception of misjoinder, a plea of estoppel by silence and inaction.
Under reservation of their exceptions, defendants answered. Answering, they said: That the land described in plaintiff’s petition at the time it was sold at succession sale in February, 1886, was a piece of swamp land situated in Concordia swamp, inaccessible to any railroad or water course and practically without any value; that thousands of acres of similar lands had been allowed by their owners to be sold for taxes and forfeited to the state for its taxes; that there were then no sawmills, except one small one at Lonepine, anywhere near it; that years afterwards the levee board of this district sold several thousand acres of similar lands with the, timber on them for an insignificant price in order to get them back on the tax rolls so that they might derive a revenue from the taxes; that at no time until within the last few years was the market value of similar lands so situated as much as $5 an acre when they could be sold at all in small tracts; that in fact these lands now in suit, which are situated partly in St. Landry and partly in Rapides parishes, had been sold to the state for taxes and had been forfeited to the state before any administration was had; that respondent Samuel Haas in his business transactions had prior to this acquired the interest of two of the five heirs of Joseph Robert, and to protect his own interests had redeemed the lands which had been sold in the parish of St. Landry, and the lands situated in Rapides parish were about to be sold for taxes, and the other heirs were unable or unwilling to pay the taxes; that this was the situation of affairs just prior to the administration now attacked ; and that it was only at the instance and at the written request of the other heirs which is on file in said succession papers that he agreed to apply for the administration to return to the succession the lands he had redeemed from the state and to pay the current taxes to prevent the loss of all of said lands to the succession, and in order that the said succession of Joseph Robert might be finally settled up in’the interest of all the heirs.
That he did apply for and was appointed administrator, that he returned the land he had redeemed from tax sale to the succession and had it inventoried, and that he paid all the other taxes on the land as they accrued, which will be shown by his *25 account on file in the succession papers, and that affairs remained in this situation for several years, because the lands could not be sold for any price to anybody, when, in 1886, wishing to have the matter closed up, he procured the order of sale and had the lands sold, again at the request of some, if not all, of the heirs, in order to wind up the whole matter. That it was understood that the price of the lands at the succession sale was never intended to be taken as the actual value of them, but that he paid a liberal price to the other heirs, including the mother of plaintiff, and thought,' and had reason to think from the expression of all the parties, that the matter was fully and finally adjusted to the satisfaction of all the heirs, as it was to them all except Mrs. Pearce, who by exciting his sympathies induced him to pay her twice, and who then (or whose heirs) sued him to make him pay again for his peace of mind and to avoid vexatious litigation. That this suit was in effect a continuation of the litigation he was forced to have with that heir, and was brought by the same attorney on almost tlie same allegations.
That he was past 70 years of age and in feeble health, and he believed, and therefore charged, that this suit was not brought because it had any merits, but only because it was hoped that he might be induced, to avoid a law suit, to compromise and pay plaintiff and her attorney something, lie charged, because he believed it to be true, that this was a speculative suit, in which the attorney who brought it was to have half of all he might recover in it, and he averred that the charges of bad faith and of his wishing to enrich himself at the expense of the heirs of the administration were wholly groundless, and were false, defamatory, and libelous, and were maliciously made to defame him, in the hope thereby to induce him to pay some sum of money to avoid litigation and the trouble and expense of a trial.
That the money demand for the alleged value of timber cut from said land was fictitious, exaggerated, and preposterous. That at no time since he had known said lands had they had, nor have they now, a value of more than $10 an acre, including the timber on them, and there never was half as much timber on said land as was alleged to have been cut off it, and the greater part of what was ever on it was now still standing on it, and that stump-age on such timber so situated never was worth- half the sum set up in the petition. He believed and charged that values were purposely inflated in the demand set up herein with a view of inducing him to some sum for a compromise of the case.
That he denied specially the allegation that there were no debts due by said succession at the time of said succession sale, and averred that his account which was filed and approved by the court showed that there were debts, mainly taxes, due at that time, and that if he had not paid them the property would long ago have been lost to all the parties in interest; and that, besides, said succession sale was made at the solicitation of all the other heirs in order to settle up said succession, and that the heirs might get their respective portions not based on the price at the sale, but on a basis of actual values of the land which he paid to the heirs at the time, and he averred that this constituted the real consideration of said succession sale, and if the other defendant, B-. L. Walker, was a party interposed to buy in said lands at the succession sale, he averred that he was a party interposed, not for him, but for the heirs, and that the ¡áale he made to John A. Haas was in behalf of all the heirs and to settle up said succession, the other heirs having been already paid for their entire interests ; and he averred that all that was done at the time of the succession sale and the *27 subsequent sale by R. L. Walker to John A. Haas was done with the full knowledge and consent of all the heirs, including the mother of the plaintiff, and was done in their interest and to enable them to get their respective interests in said succession. 1-Ie averred that in all those proceedings he acted in good faith in consultation with the heirs and acting for their interests and at their request, and that they all but Mrs. Pearce acquiesced in what was done for many years, and averred that this is a stale demand by this plaintiff coming more than 20 years after the date of said sale and other transactions for at most the one-fortieth interest claimed by her without joining the other seven heirs in her branch and without even naming the other seven heirs of Mrs. Nannie Blum or the other heirs of Joseph Robert.
That after said succession sale he filed in this honorable court his final account as administrator, that same was approved and made the judgment of this honorable court more than 20 years ago, and he was discharged as administrator, and the said succession of Joseph Robert finally wound up and closed, and if the court, on the trial of the pleas of prescription and estoppel already filed, should not sustain said pleas, then he now pleads said judgment homologating his final account and discharging him as administrator as res judicata in bar of this action. Respondents prayed that plaintiff take nothing by this suit, that the issues herein set up be adjudged in their favor, and that plaintiff’s suit be dismissed at her costs.
After R. L. Walker had answered the interrogatories propounded to him, and after the defendants had filed their answer, plaintiff filed a plea of estoppel, and prayed that she have judgment decreeing the sale of the succession property attacked in the suit be decreed null and void and the title thereto still vested in the succession of Jos. Robert, deceased, and limiting the testimony to be given on the trial of this case to the amount and value of the timber removed by the said defendants during their illegal possession for the following reasons, to wit:
(1) Because that one of the defendants, R. L. Walker, admitted in the interrogatories taken in this case before the clerk of the court of St. Landry parish, La., that he did not i>ay the price of adjudication, and that he was not purchasing for himself, that the sale is null and void, and therefore as to him judgment should be so decreed,
(2) Because the defendants Samuel Haas and John A. Haas in their answer filed herein do not deny plaintiff’s allegations to the effect that the administrator irarchased the property through an interposed person, but, on the contrary, tacitly admits this and endeavors to cure this absolute nullity by excuses, claiming that the lands were practically valueless. Having admitted the nullity of the sale, and having come before this honorable court filing his final account in the succession of Jos. Roberts, and having sworn to the correctness of that account as rendered, he was bound by that account and cannot be permitted to stultify himself and now say that he swore falsely when he rendered that account, and, on the strength of his oath that the account was correct as rendered, obtain judgment discharging him as administrator and canceling his bond.
In view of the premises, plaintiff prayed that this plea of estoppel be maintained, that defendants’ exceptions and pleas filed herein be overruled, that judgment be rendered in favor of appearer and against the defendants R. L. Walker, Samuel Haas, and John A. Haas, decreeing the sale of the property herein attacked to have been null and void, decreeing said property to belong to the succession of Jos. Robert and returned to that succession to be administered according to law, and limiting the testimony to be given *29 herein to the value of the timber removed from said property by the said defendants during their illegal possession and the fruits and revenues derived therefrom, for all such orders and decrees as might be necessary in the premises, for costs, and for full general and equitable relief.
On trial of the exception and pleas, plaintiff’s plea of estoppel was overruled. All of defendants’ exceptions were overruled; but their plea of estoppel was sustained, and the case dismissed. Plaintiff applied for and obtained an order for an appeal devolutive and suspensive, which was made returnable to the Supreme Court on the fourth Monday of March, 1909. The bond for a devolutive appeal was fixed at $200 — suspensive appeal bond according to law. The transcript of appeal was filed in this court on March 20,, 1909. On March 23, 1909, defendant filed a motion to dismiss the appeal on the ground that the appeal bond for the appeal was fatally defective for the reasons:
(1) That no court is designated in the bond to which the appeal is to be taken.
(2) That the date of the judgment from which the appeal is taken is not given in the bond.
(3) That the date of the return day for the appeal is not designated in the bond.
On November 16, 1909, defendant moved to dismiss the appeal for want of jurisdiction ratione materise. This motion was subsequently withdrawn.
On Motion to Dismiss.
The condition of the appeal bond filed in this case recites that, whereas, the above-bounden Mrs. Jeanette A. Blum has moved for and was granted a devolutive appeal from a certain final judgment rendered against her in this district court in and for the parish of Rapides, in favor of Samuel Haas, John A. Haas, and R. L. Walker in suit No. 7,195 of the docket of said court, entitled Jeanette A. Blum v. R. L. Walker et al., now therefore.
Appellee urges that the bond should show upon its face the court to which the appeal is to be taken, the date of the judgment from which the appeal is taken, and the date of the return day.
He relies upon the decision of this court in Succession of Mrs. Walker, 32 La. Ann. 525. The opinion in that case declares that the papers which in that matter purported to be an appeal bond contained no mention whatever of the suit or matter in which the matter appealed from was rendered, nor the nature nor scope of such judgment, nor the date of the judgment, nor the name of the party in whose favor it was rendered, nor of the party cast — in short, there is in the document no description, information, or landmarks of any kind through which the pretended appeal could be identified or connected with any cause before that or any other court. It cannot be said of the bond filed herein that it does not contain sufficient to identify or connect it with the judgment from which appeal was granted. There is no uncertainty or difficulty in ascertaining from the bond itself everything necessary to be known in order to hold and bind the principal and sureties upon the bond. The motion to dismiss the appeal is denied, and the appeal maintained.
We are of the opinion that the plaintiff’s suit was properly dismissed by the district court. The testimony shows that Samuel Haas bought out the interest of two of the heirs of Joseph Robert, including the property involved in this litigation as far back as 1874; that he was appointed administrator of the succession at the request of the heirs in that succession; that the property involved herein was sold by the sheriff at public auction in 1886; that at that time Samuel Haas was a joint owner of that property with the heirs of Joseph Robert and had *31 the legal right to purchase the property at that sale; that he filed his final account of his administration in 1889, which was approved and homologated, and he himself then discharged; that the mother of the plaintiff, who was one of the heirs of Joseph Robert, was living in the parish of Rapides, and continued to live there until her death only a few years ago; that the plaintiff has also always lived in that parish; that the legality and validity of the sale was questioned neither by herself nor her mother until the institution of the present suit by the plaintiff in June, 1908; that the judgment approving and homologating the final account of administration of Samuel Haas and discharging him as administrator has never been set aside nor attacked. We have reached the conclusion, after careful consideration of the evidence, that the judgment appealed from is correct, and it is hereby affirmed.